2003 SD 51

**STATE of South Dakota, Plaintiff and Appellant,**

**v.**

**I–90 TRUCK HAVEN SERVICE, INC., Licensee, Defendant and Appellee.**

**Nos. 22215, 22228.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 26, 2002.

Reassigned Nov. 20, 2002.

Decided May 07, 2003.

David R. Nelson, Minnehaha County State's Attorney, Colleen Moran, Deputy Minnehaha County State's Attorney, Sioux Falls, for plaintiff and appellant.

Mark E. Salter, Michael D. Bornitz of Cutler & Donahoe, LLP, Sioux Falls, for defendant and appellee.

GILBERTSON, Chief Justice (on reassignment).

[¶ 1.]  An employee of I–90 Truck Haven Services, Inc. (Truck Haven), pled guilty to selling alcohol to a minor.  Several months later, the State requested that the magistrate court impose an administrative sanction or fine on Truck Haven. Truck Haven filed a motion to dismiss. Although the magistrate court refused to dismiss the case against Truck Haven, the circuit court later reversed the magistrate court's order and found that an administrative fine could not be imposed on a licensee pursuant to SDCL 35–4–78 through SDCL 35–4–78.4. We reverse.

## FACTS AND PROCEDURE

[¶ 2.]  On March 30, 2000, an employee of Truck Haven, Donald Soulek (Soulek), sold alcohol to a person under the age of twenty-one.[1]  This was in violation of SDCL 35–9–1.1.[2] Soulek pled guilty to this offense and received a criminal fine and a suspended jail sentence.  Eight months later, in magistrate court, the State filed an application and order to show cause, requesting that the court impose an administrative fine under SDCL 35–4–78.3 on Truck Haven, the employer of Soulek. Truck Haven filed a motion to dismiss, which the magistrate court denied.  Truck Haven appealed the magistrate court's order to the circuit court.  The circuit court dismissed the State's case against Truck

---

1.  It is undisputed that no person having a controlling interest in the corporate licensee, Truck Haven, was present at the time of Soulek's illegal sale.

2.  SDCL 35–9–1.1 provides:
    It is a Class 2 misdemeanor to sell or give for use as a beverage any alcoholic beverage to any person who is eighteen years of age or older but less than twenty-one years of age unless it is done in the immediate presence of a parent or guardian or spouse over twenty-one years of age or by prescription or direction of a duly licensed practitioner or nurse of the healing arts for medicinal purposes.

Haven, finding that a fine was not statutorily authorized. State appeals, raising the following issue for our review:

Whether SDCL 35–4–78.2 allows for the imposition of administrative fines against Truck Haven.

## STANDARD OF REVIEW

[¶ 3.] This appeal involves the interpretation of a statute. In *Martinmaas v. Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611, we stated:

Questions of law such as statutory interpretation are reviewed by the Court de novo .... The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result. When the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.

(citing *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17) (citing *U.S. West Communications, Inc. v. Public Util. Comm'n*, 505 N.W.2d 115, 122–23 (S.D. 1993) (citations omitted)).

## ANALYSIS AND DECISION

[¶ 4.] **Whether SDCL 35–4–78.2 allows for the imposition of administrative fines against Truck Haven.**

[¶ 5.] The relevant statutes at issue in this appeal are SDCL 35–4–78 through SDCL 35–4–78.4. The starting point is SDCL 35–4–78, which provides, in relevant part:

No licensee [3] may sell any alcoholic beverage: (1) To any person under the age of twenty-one years[.] ...

A violation of this section is a Class 1 misdemeanor.

[¶ 6.] The express words of this statute clearly state that a licensee can be criminally charged with selling alcohol to a person under the age of twenty-one. However, SDCL 35–4–78.1 provides the licensee a defense to criminal charges. Specifically, this statute provides:

A licensee ... is not in violation of § 35–4–78, and no criminal penalty may be imposed on the licensee if:

(1) The person making the sale in violation of § 35–4–78 is an employee or agent of the licensee;

(2) The employee or agent does not own a controlling interest in the licensee; and

(3) The licensee or person having a controlling interest in the licensee is not present at the time of the sale.

[¶ 7.] Although SDCL 35–4–78.1 provides a defense to the licensee in the con-

---

**3.** The term "licensee" is not defined in the code. *Black's Law Dictionary* (7th ed.1999), defines "licensee" as "[o]ne to whom a li-

cense is granted." The resolution of this case does not hinge on the definition of a "licensee."

text of criminal charges, the next statute in this section, SDCL 35-4-78.2, provides for an imposition of a civil or administrative fine, even if no criminal penalty can be imposed:

If a sale is in violation of § 35-4-78 and does not constitute a criminal offense against the licensee, the state's attorney for the county in which the sale took place may as part of any proceeding against the person making the sale request that the court require the licensee to pay a fine in accordance with §§ 35-4-78.1 to 35-4-78.4, inclusive.

[¶ 8.] SDCL 35-4-78.3 provides:

Upon a request from the state's attorney and notice to the licensee, the court shall conduct a hearing to determine if the licensee is liable under §§ 35-4-78.1 to 35-4-78.4, inclusive, and upon a finding that the licensee is liable, the court may order the licensee to pay a fine not to exceed:

(1) Five hundred dollars upon the first violation within two years;

(2) Seven hundred fifty dollars upon the second violation within two years; and

(3) One thousand dollars for the third violation within two years.

We stated in *Faircloth v. Raven Industries, Inc:*

Ultimately, the purpose of statutory interpretation is to fulfill the legislative dictate. Intent is ordinarily ascertained by examining the express language of the statute. We therefore defer to the text where possible. We read statutes as a whole along with the enactments relating to the same subject. We assume that the Legislature intended that no part of its statutory scheme be rendered mere surplusage.

2000 SD 158, ¶ 6, 620 N.W.2d 198, 201 (citations omitted). Therefore, the statutes at issue must be read as a whole, not in isolation. We have specifically applied this standard of statutory analysis in a previous case concerning the legal rights and responsibilities of alcohol beverage licensees. *Rushmore State Bank v. Kurylas, Inc.,* 424 N.W.2d 649, 653 (S.D.1988).

[¶ 9.] Truck Haven first raises the argument that because SDCL 35-4-78.1 provides a defense to SDCL 35-4-78, one of the requirements of SDCL 35-4-78.2 is not satisfied. Specifically, it argues that SDCL 35-4-78.2 authorizes a fine against a licensee only when there has been a violation of SDCL 35-4-78. An interpretation of the statutes read as a whole does not support its assertion. If SDCL 35-4-78.1 was to act as an absolute bar from any liability, then SDCL 35-4-78.2 and SDCL 35-4-78.3 would be "mere surplusage." *See Faircloth,* 2000 SD 158, ¶ 6, 620 N.W.2d at 201. *See also DeSmet Ins. Co. v. Gibson,* 1996 SD 102, ¶ 7, 552 N.W.2d 98, 100 (citation omitted) (stating that "in cases where a literal approach would functionally annul the law, the cardinal purpose of statutory construction—ascertaining legislation intent—ought not be limited to simply reading a statute's bear language . . .").

[¶ 10.] This statutory interpretation is bolstered by the legislative history that exists. SDCL 35-4-78.1 and 35-4-78.2 were jointly enacted as part of the same act. *See* 1999 SD Sess.L. ch. 186. Thus, they clearly were intended to be interpreted together and not each in isolation. Moreover, although not part of the act, the act's title give a further indication of legislative intent: "[a]n Act [to] restrict certain criminal liability for alcoholic beverage licensees *and* to provide for administrative sanctions." (emphasis added). The title makes clear that the administrative sanctions of SDCL 35-4-78.2 were not solely voided by failure to be in criminal violation of the portions of SDCL 35-4-78.

[¶ 11.] The text of SDCL 35–4–78 also runs counter to Truck Haven's argument. The second portion of the statute declares that a violation does not constitute a basis for a finding of civil liability in favor of a third party who claims injury from an illegal sale prohibited by this section. Noticeably missing is any grant of civil protection to the licensee as against the State's regulatory power.

[¶ 12.] In summary, SDCL 35–4–78 through 35–4–78.4 constitutes a single, yet thorough, method of regulation, both as to civil and criminal liability against licensees.

[¶ 13.] Truck Haven next argues that the dismissal of the case against it was supported by additional grounds. Specifically, Truck Haven contends that the action against Truck Haven was not part of the proceeding against its agent, Soulek, which SDCL 35–4–78.2 mandates it should be. Truck Haven's employee, Soulek, was sentenced on April 19, 2000 but was placed on conditions for a period of two years. First, we would note his criminal proceeding was still open at the time the State brought its action against Truck Haven eight months after Soulek's sentencing. More importantly, Truck Haven's argument fails to comport with the terms of SDCL 35–4–78.3[4] which states in part: "[u]pon a request from the state's attorney and notice to the licensee, the court shall conduct a hearing to determine if the licensee is liable under §§ 35–4–78.1 to 35–4–78.4. . . ." This statute contemplates a separate civil hearing for a licensee under SDCL 35–4–78.2 concerning the issue of an administrative fine, separate from the criminal trial available under SDCL 35–4–78 and the criminal charge's statutory defenses available under SDCL 35–4–78.1.

[¶ 14.] Next, Truck Haven argues as an additional ground that the action against Truck Haven violates the constitutional doctrine of separation of powers. Truck Haven asserts that the authority to regulate an alcoholic beverage licensee is exclusively an administrative function. The statutory language of the statutes at issue clearly requires a hearing before the judiciary, not an administrative agency. Specifically, SDCL 35–4–78.2 requires that the "state's attorney . . . may as part of any proceeding against the person making the sale request that the court require the licensee to pay a fine[.]" As with a myriad of other statutes, the Legislature sets the statutory guidelines and the courts determine whether a person charged with their violation has indeed done so. *See, e.g., Kurylas,* 424 N.W.2d at 649, and the cases cited therein.

[¶ 15.] Finally, Truck Haven argues that its right to due process of law was violated because it did not have the opportunity to participate in Soulek's criminal proceeding. We stated in *Wuest v. Winner School Dist.,* 2000 SD 42, ¶ 25, 607 N.W.2d 912, 918, that "[d]ue process requires notice and an opportunity to be heard." (additional citations omitted). However, we have also stated that "the sufficiency of the notice and opportunity required under due process is flexible and 'requires only such procedural protections as the particular situation demands.'" *Matter of Estate of Washburn,* 1998 SD 11, ¶ 19, 575 N.W.2d 245, 250 (additional citations omitted).

[¶ 16.] This Court has held that the rule in this jurisdiction, as it is in others, is that as between the state and the licensee, "there exists no property right in the license, but merely a privilege to conduct that state regulated business." *Kurylas,*

---

4.  SDCL 35–4–78.3 was also passed as part of 1999 SL ch 186 as part of the comprehensive legislative package that also resulted in SDCL 35–4–78.1 and 35–4–78.2.

424 N.W.2d at 653. In *Kurylas*, we held that the license holder is nevertheless entitled to "fundamental due process rights such as a hearing, notice thereof and a right to be heard at such proceedings when consideration is given to grant, renew or revoke a license." *Id.* Herein, we find that Truck Haven was provided with just that, a hearing, notice thereof and a meaningful opportunity to be heard all in accordance with SDCL 35–4–78.3.

[¶ 17.] There are substantial constitutional and statutory differences between the conduct of a misdemeanor criminal proceeding versus an administrative proceeding, which may lead to the imposition of a civil fine. *See, e.g., City of Pierre v. Blackwell*, 2001 SD 127, 635 N.W.2d 581. Truck Haven was served with an application and order to show cause. In addition, the State provided Truck Haven with a detailed affidavit that contained all of the relevant information on which the State's action was based. Further, Truck Haven had a full opportunity to be heard on this matter in front of the court. It received the full amount of due process protection guaranteed to it under such a civil regulatory proceeding. *See Kurylas* 424 N.W.2d at 653.

[¶ 18.] For the above reasons, we reverse and remand for further proceedings consistent with this opinion.

[¶ 19.] SABERS, KONENKAMP, and ZINTER, Justices, concur.

[¶ 20.] AMUNDSON, Retired Justice, dissents.

[¶ 21.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

AMUNDSON, Retired Justice (dissenting).

[¶ 22.] In this case, clearly the criminal action against Soulek had concluded. The criminal case Cri. # 0011625, the *State of South Dakota v. Donald Lee Soulek*, was filed on April 12, 2000. Soulek pleaded guilty and was sentenced on April 19, 2000. At that time the status of this criminal case was listed as terminated. Then more than eight months after Soulek pleaded guilty, the State filed an order to show cause in civil case Civ. # 00–3583, *State of South Dakota v. I–90 Truck Haven Service, Inc., Licensee*, seeking a civil fine against Truck Haven.

[¶ 23.] SDCL 35–4–78.2 provides that "the state's attorney ... may as part of any proceeding against the person making the sale request that the court require the licensee to pay a fine in accordance with §§ 35–4–78.1 to 35–4–78.4, inclusive." Black's Law Dictionary defines proceeding as the progression of a lawsuit "including all acts and events between the time of commencement to the entry of judgment." 1221 (7th ed. 1999). Here when the state brought this action against Truck Haven, it was certainly not part of the "same proceeding" against Soulek since criminal judgment had already been entered.

[¶ 24.] We should follow the "paramount rule of statutory construction and simply declare 'what the legislature said, rather than what the courts think it should have said.'" *Goetz v. State*, 2001 SD 138 at ¶ 20, 636 N.W.2d 675, 682 (2001). Statutory construction as established by the precedence of the Court clearly provides that these two actions should have been brought in the same proceeding and they were not. Therefore I would affirm the trial court.