2004 SD 98

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**MYRL & ROY'S PAVING, INC., Defendant and Appellant.**

**No. 22925.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2004.

Decided Aug. 25, 2004.

Lawrence E. Long, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, SD, for plaintiff and appellee.

Ronald G. Schmidt of Schmidt, Schroyer & Moreno, Rapid City, SD, for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] After a driver was stopped and charged for operating an overweight vehicle in violation of various provisions of SDCL Chapter 32–22, the State brought charges against Myrl & Roy's Paving, Inc. (Myrl & Roy's) as owner of the vehicle. A magistrate found Myrl & Roy's guilty on five counts of violating SDCL 32–22–16 and one count of violating SDCL 32–22–52. The magistrate further imposed a civil penalty pursuant to SDCL 32–22–55. The circuit court affirmed the magistrate's judgment, and Myrl & Roy's now appeals. Affirmed.

## FACTS AND PROCEDURE

[¶ 2.] Myrl & Roy's is a large corporation engaged in construction primarily in the Sioux Falls, South Dakota area. As part of its business, it owns rock quarry operations as well as several multi-axle motor vehicles used to haul heavy loads. On August 17, 2001, Jericho Dede (Dede), an employee of Myrl & Roy's, was hauling asphalt mix for a paving project at the Sioux Falls airport. Dede obtained the mix from an asphalt plant located in one of Myrl & Roy's pits. In order to obtain the asphalt mix, Dede drove under a silo which made a series of drops into the truck. Before Dede drove under the silo, however, another driver had sensed his truck was overweight, and some of the mix from his truck was placed in Dede's vehicle at the direction of an on-site manager. Dede proceeded to obtain the usual amount of asphalt mix from the silo despite the fact that he already had some amount of material in his truck. Dede also declined to weigh his truck on a platform scale located near an exit of the pit.

[¶ 3.] After Dede left the plant, an officer with the Sioux Falls police department stopped his truck and determined that the four axle vehicle was overweight. The following chart illustrates the individual axle weights in pounds:

|  | Total Weight | Legal Weight | Amount Over |
|---|---|---|---|
| Axle 1 | 10,980 | 14,400 | Legal |
| Axle 2 | 10,560 | 11,000 | Legal |
| Axle 3 | 21,380 | 20,000 | 1,380 |
| Axle 4 | 21,060 | 20,000 | 1,060 |
| Gross Weight | 63,980 | 54,500 | 9,480 |

The State subsequently charged Dede with numerous violations of SDCL Chapter 32–22.[1]

[¶ 4.] As owner of the overweight vehicle, the State also charged Myrl & Roy's with the following violations:

Count I: Overweight in excess of 20,000 lbs. on one axle in violation of SDCL 32–22–16(1)

Count II: Overweight in excess of 20,-000 lbs. on one axle in violation of SDCL 32–22–16(1)

Count III: Overweight on tandem axles in violation of SDCL 32–22–16(3)

Count IV: Overweight on two or more consecutive axles in violation of SDCL 32–22–16(3)

Count V: Overweight on two or more consecutive axles in violation of SDCL 32–22–16(3)

Count VI: Operating vehicle with cut or worn tires in violation of SDCL 32–19–13

Count VII: Operation of oversize or overweight vehicle in violation of SDCL 32–22–52

A magistrate judge found Myrl & Roy's guilty on Counts I and II because axles 3 and 4 were individually overweight. Because axles 3 and 4 were cumulatively overweight, Myrl & Roy's was guilty on Count III. Similarly, the magistrate judge determined Myrl & Roy's to be guilty on Counts IV and V because axles 2, 3, and 4, as well as axles 1, 2, 3, and 4 (the gross weight of the vehicle) were cumulatively

overweight. Myrl and Roy's was found not guilty on Count VI. Finally, the magistrate found Myrl & Roy's guilty on Count VII because the gross weight of the vehicle exceeded the legal limit. The magistrate also imposed a civil penalty pursuant to SDCL 32–22–55.

[¶ 5.] The circuit court affirmed the judgment of the magistrate and found that the overweight statutes apply to owners as well as drivers. The circuit court further determined there was no double jeopardy violation because the gross weight of the vehicle along with each set of axle violations involved separate, distinct violations of South Dakota's overweight statutes. Myrl & Roy's now appeals and raises the following issues for our review:

1. Whether SDCL 32–22–16 and 32–22–55 applied to Myrl & Roy's as owner of the overweight vehicle.

2. Whether the penalties under SDCL 32–22–16 and 32–22–52 subjected Myrl & Roy's to double jeopardy in violation of Article VI, Section 9 of the South Dakota Constitution.

## STANDARD OF REVIEW

[¶ 6.] This case presents issues involving statutory construction, and as such our review is de novo. *Zoss v. Schaefers,* 1999 SD 105, ¶ 6, 598 N.W.2d 550, 552 (citing *Satellite Cable Srvs. v. Northern Electric,* 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480). We employ the following well-settled principles in our interpretation of legislative enactments:

The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is deter-

---

1. The State later dismissed the charges against Dede and solely prosecuted Myrl & Roy's for operation of the overweight vehicle.

mined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result.

*Martinmaas v. Engelmann,* 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611 (citation omitted).

## ANALYSIS AND DECISION

[¶ 7.] **1. Whether SDCL 32–22–16 and 32–22–55 applied to Myrl & Roy's as corporate owner of the overweight vehicle.**

■ [¶ 8.] The magistrate and circuit court determined that SDCL 32–22–16, 32–22–52, and 32–22–55 applied to Myrl & Roy's as the owner of the overweight vehicle. Myrl & Roy's concedes the application of 32–22–52 but argues 32–22–16 and 32–22–55 apply solely to the driver of the overweight vehicle and not to the owner of such a vehicle. SDCL 32–22–16 provides, in pertinent part:

> No motor vehicle or combination of vehicles *operating* on a public highway may have a weight:
>
> (1) In excess of twenty thousand pounds on any one axle, or in excess of the tire

weight per inch of tire width prescribed by § 32–22–21, including all enforcement tolerances;

> . . . .
>
> (3) In excess of the maximum weight on two or more consecutive axles as determined by the formula detailed in § 32–22–16.1, or in excess of the tire weight per inch of tire width prescribed by § 32–22–21.  However, in no instance may the gross weight of any vehicle or combination of vehicles exceed eighty thousand pounds on the interstate highway.

(emphasis added).  The relevant part of SDCL 32–22–55, a civil penalty statute, states:

> Any person who is convicted of the offense of *operating* a motor vehicle upon the public highways of this state with weight upon any wheel, axle, or groups of axles or upon more than one thereof greater than the maximum permitted by §§ 32–22–2 to 32–22–33, inclusive, 32–22–47 and 32–22–48 shall be fined in addition to, and not in substitution for, any other penalties now provided by law for such offense . . .

(emphasis added). *See State v. Feiok,* 364 N.W.2d 536 (S.D.1985) (determining SDCL 32–22–55 to be a civil penalty in reasonable relation to the State's goal of enforcing the weight restrictions set forth in its statutes).

[¶ 9.] The question of whether SDCL 32–22–16 and 32–22–55 apply to owners as well as drivers of overweight vehicles turns on our interpretation of the term "operating" found in both statutes.[2]  At the outset, we note the fact that neither statute specifically mentions the words "owner" is clearly not dispositive. While neither SDCL 32–22–16 nor 32–22–55 con-

---

**2.** Despite Myrl & Roy's assertion in its brief, the definition of "operator" found at SDCL 32–35–1(9) is limited to Chapter 32–35 and does not apply to the issues before us.

tains the term "driver," this Court has consistently upheld the application of the statutes and their respective penalties to drivers of overweight vehicles. *See State v. Krahwinkel*, 2002 SD 160, 656 N.W.2d 451; *State v. Geise*, 2002 SD 161, 656 N.W.2d 30; *Feiok*, 364 N.W.2d 536. The legislature certainly did not intend for the statutes to apply to no one. By their own specific terms, the statutes are not limited in application to either drivers or owners.

[¶ 10.] The intent of a statute "must be determined from the statute as a whole." *Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d at 611. We believe the manner in which the statutes establish liability suggests the legislature intended for SDCL 32–22–16 and 32–22–55 to apply to the owners of overweight vehicles as well as drivers. First, it is noteworthy that unlike most other criminal statutes that prohibit "a person" from engaging in certain proscribed conduct, SDCL 32–22–16 simply prohibits "vehicles operating" with excessive weight. So also, SDCL 32–22–55 which imposes liability upon any person convicted of that SDCL 32–22–16 "operating" offense. Thus, the statutes leave room for any person who is engaged in vehicle operations. Second, it is important to note that as strict liability statutes designed to protect the integrity of our roads in South Dakota, SDCL 32–22–16 and 32–22–55 do not require the State to establish any element of intent or malfeasance. *See also Krahwinkel*, 2002 SD 160, ¶ 37, 656 N.W.2d at 464 (holding, *inter alia*, "that actual damage is not a condition precedent to the imposition of a civil penalty."). The State need only prove that a vehicle is overweight in order to bring criminal charges under SDCL 32–22–16 and impose a civil fine pursuant to SDCL 32–22–55. Thus, the statutes are directed toward truck operations in general, which can include both owners and drivers. Given the general purpose of South Dakota's overweight statutes—ensuring the safety and quality of public roads—we believe a reasonable interpretation of SDCL 32–22–16 and 32–22–55 encompasses liability for owners of overweight vehicles as well as drivers.

[¶ 11.] Our recent decision in *Harris v. Best Business Products, Inc.*, 2002 SD 115, 651 N.W.2d 875, involved the application of a similarly worded statute, SDCL 32–19–13, which provides in pertinent part:

> *No person may operate* on the public highways of this state a licensed motor vehicle which has a mounted tire ... having a minimum tread depth less than two thirty-seconds of an inch on any two adjacent tread grooves.

(emphasis added). We determined that the statute applied to both owners as well as drivers of an offending vehicle. *Id.*, ¶ 10. Central to our decision was the fact that it was "the *employer's* negligence that caused" the violation. *Id.*, ¶ 18.

[¶ 12.] Owners act through their employees, and the facts in this case show it was logical for the State to focus upon Myrl & Roy's rather than Dede, the driver of the overweight truck. A manager directed that a portion of asphalt mix from an overweight truck be placed in Dede's vehicle before it proceeded under the silo to receive its own load. Despite the fact Dede's vehicle already contained a significant amount of material, the silo, under the control of the manager, deposited the regular amount of asphalt mix in Dede's truck. Myrl & Roy's did not have a policy requiring its drivers to weigh their vehicle before traveling on public roads.

[¶ 13.] When the legislature drafted SDCL 32–22–16 and 32–22–55 it did not specifically limit its application to drivers. Moreover, the general purpose of the statutes along with the manner in which liability is determined suggests the legislature

contemplated their application to owners of overweight vehicles. The specific facts of the case support the State's determination that Myrl & Roy's should bear the responsibility of the overweight vehicle. In sum, we hold SDCL 32–22–16 and 32–22–55 may apply to owners of overweight vehicles as well as drivers.

[¶ 14.] **2. Whether the penalties under SDCL 32–22–16 and 32–22–52 subjected Myrl & Roy's to double jeopardy in violation of Article VI, Section 9 of the South Dakota Constitution.**

■ [¶ 15.] Myrl & Roy's next contends that the penalties imposed under SDCL 32–22–16 and 32–22–52 subjected it to double jeopardy in violation of the South Dakota Constitution. SD Const. art. VI, Section 9.[3] SDCL 32–22–16 set out above is a criminal statute. SDCL 32–22–52 is also a criminal statute which provides:

> It is a Class 2 misdemeanor for any person to drive or move, or for the owner to cause or knowingly permit to be driven or moved, on any highway any vehicle or vehicles, of a size or weight exceeding the limitations stated in this chapter, or the rules and regulations of the Transportation Commission or county commission adopted pursuant thereto.

In essence, Myrl & Roy's claims it cannot be subjected to multiple penalties under SDCL 32–22–16 and 32–22–52 because only one truck was overweight and therefore, it can only be cited for one violation.

[¶ 16.] Myrl & Roy's misapprehends the South Dakota overweight vehicle statu-

tory scheme. SDCL 32–22–16 and 32–22–16.1[4] provide for three different types of overweight violations, with each violation requiring proof of different facts: (1) gross weight violations; (2) single axle violations; and (3) violations encompassing two or more axles. In this case, Myrl & Roy's was found guilty on one or more of each type of violation and each involved different facts. Therefore, Counts I through IV clearly constituted separate, distinct violations of South Dakota overweight vehicle law and, thus, do not subject Myrl & Roy's to double jeopardy.

■■ [¶ 17.] Count V, essentially based upon the gross weight of the vehicle, charged Myrl & Roy's with a violation of SDCL 32–22–16. Count VII, also based upon the gross weight of the truck, charged Myrl & Roy's with a violation of SDCL 32–22–52. However, as applied to the facts of this case a violation of SDCL 32–22–52 requires the proof of an element which SDCL 32–22–16 does not; *i.e.* that "the owner caus[ed] or knowingly permitt[ed]" the vehicle to be driven or moved. Therefore, as applied, there would be no double jeopardy violation under a *Blockburger* analysis. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Moreover, as we recognized in *State v. Weaver*, multiple punishments for the same offense do not offend the double jeopardy clause "if the Legislature plainly intended to impose multiple punishments." 2002 SD 76, ¶ 14, 648 N.W.2d 355, 359 (citing *State v. Dillon*, 2001 SD 97, ¶ 14, 632 N.W.2d 37, 43–44 (acknowledging that "[c]ourts cannot im-

---

**3.** In its reply brief, Myrl and Roy's briefly raises the issue of double jeopardy in regard to SDCL 32–22–16 and 32–22–55. We have conclusively held that imposition of the civil penalty under 32–22–55 in addition to the criminal penalty under SDCL 32–22–16 does not subject a defendant to double jeopardy.

*Krahwinkel*, 2002 SD 160, ¶ 29–34, 656 N.W.2d at 462–64; *Feiok*, 364 N.W.2d at 538–39.

**4.** SDCL 32–22–16.1 describes the formula for determining the weight on groups of consecutive axles.

pose multiple punishments for different offense arising out of the same conduct but the Legislature can.") (citation omitted)). Here, we believe the legislature intended to impose additional punishments for overweight vehicles given the fact that SDCL 32–22–52 explicitly imposes a penalty when the weight of the vehicle exceeds "the limitations stated in *this chapter*;" *e.g.* the weight limitations in SDCL 32–22–16. Because this language clearly reflects legislative intent to impose an *additional* penalty for a violation of SDCL 32–22–16, Myrl & Roy's cannot show a violation of double jeopardy in this case.

[¶ 18.] Affirmed.

[¶ 19.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.