2005 SD 22

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David Lynn ANDERSON, Defendant and Appellant.**

No. 23225.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 2005.

Decided Feb. 16, 2005.

Lawrence E. Long, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Rick L. Ramstad of Wilka & Ramstad, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] David Lynn Anderson appealed the denial of a second motion to correct his 125–year sentence on a 1995 conviction for vehicular homicide. Defendant's sentence was enhanced under the habitual offender provision after he pleaded guilty to a Part II Information that included a 1988 felony conviction for grand theft, and two 1990 felony drug convictions. Defendant contended his sentence was illegally enhanced using three prior felony convictions under SDCL 22–7–8.1, rather than two prior felony convictions under SDCL 22–7–7. Defendant argued his two 1990 felony drug convictions stemmed from one transaction, and therefore could not be counted as two separate convictions for purposes of enhancing his sentence under SDCL 22–7–8.1. Defendant requested his illegal sentence be corrected using two felony convictions. In the alternative, Defendant argued his guilty plea to the Part II habitual offender information must be set aside due to a manifest injustice, and that he be permitted to plead anew. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On September 22, 1989, David Lynn Anderson sold a quantity of methamphetamine to an undercover police officer at the Alpine Inn in Sioux Falls, South Dakota. The agreed upon price was $275 for one-eighth of an ounce. After the sale was concluded and the money and meth-amphetamine had been exchanged, Defendant contacted the undercover officer and explained that he had inadvertently given the undercover officer one-fourth of an ounce for $275 instead of the one-eight of an ounce as negotiated. The undercover officer agreed to meet with Defendant and provide an additional $250. Defendant also informed the undercover officer that he had additional methamphetamine for sale and would be able to provide it at their meeting set for the next day at the Holiday Inn.

[¶ 3.] On September 23, after the undercover officer arrived at Defendant's hotel room at the Holiday Inn, the undercover officer gave Defendant the additional $250 in cash as final payment for the one-quarter ounce of methamphetamine purchased on September 22. Defendant then showed the undercover officer four plastic bindles each purportedly containing one-eighth of an ounce of methamphetamine and offered the drugs for $250 per one-eighth ounce. The undercover officer told Defendant he would have to retrieve his money from his car, and left the hotel room telling Defendant he would return with the money. After the undercover officer left the room, Defendant was arrested.

[¶ 4.] Defendant was charged with 1) distribution of a controlled substance on September 22, 1989; 2) possession of a controlled substance on September 22, 1989; and, 3) possession of a controlled substance with intent to distribute on September 23, 1989. Defendant was represented by Patrick Schroeder, of the Minnehaha County Public Defender's Office. Defendant pleaded guilty to Count 1, distribution of a controlled substance on September 22, 1989, and Count 3, possession of a controlled substance with intent to distribute

on September 23, 1989.[1] Defendant was sentenced to seven years for the distribution charge, and five years for the possession with intent to distribute charge. The two sentences were ordered to be served consecutively, with the seven year sentence to be served first. At the sentencing hearing, Judge Gene Paul Kean, Second Judicial Circuit, specifically noted that he was imposing the two sentences consecutively as this was a case of two different crimes occurring on two different occasions.

[¶ 5.] In 1995, Defendant was convicted of vehicular homicide and vehicular battery for the death of Galen Barta and injury to one of his sons in an automobile accident. *State v. Anderson*, 1996 SD 46, ¶ 6, 546 N.W.2d 395, 397 (hereinafter *Anderson II*). On Sunday, October 2, 1994, Defendant was driving under the influence of alcohol at speeds of 86 to 100 miles per hour in a 30-mile per hour zone on 10th Street in Sioux Falls, South Dakota.[2] *Id.* ¶ 2. After hydroplaning on the wet pavement, crossing the centerline and colliding with the Barta car, Defendant fled the scene of the accident, leaving his passenger, his girlfriend Terese Paxton, and the occupants of the Barta car at the scene. *Id.*

[¶ 6.] Defendant was again represented by Patrick Schroeder of the Minnehaha County Public Defender's Office. After his conviction before a jury on the vehicular homicide and vehicular battery charges, Defendant pleaded guilty to the Part II habitual offender information that indicated Defendant had three prior felony convictions, two based on the convictions in *Anderson I*, and one from an unrelated 1988 felony conviction for grand theft in Yankton County. In the findings of fact on the Part II habitual offender information, Judge Judith Meierhenry, Second Judicial Circuit, held that the two 1990 drug convictions in *Anderson I* were for separate offenses committed on separate dates, and therefore the convictions arose from separate transactions. Judge Meierhenry concluded the sentences and sentence enhancement in *Anderson II* were legal. Finally, the trial court imposed a 125-year sentence for the vehicular homicide conviction and a 15-year sentence for the vehicular battery conviction to run concurrently, but consecutively to Defendant's remaining sentence for the parole violation on the two 1990 *Anderson I* drug convictions used to enhance the conviction in *Anderson II*. *Id.* ¶ 6, 546 N.W.2d at 397.

[¶ 7.] In 1996, Defendant first challenged his sentence in *Anderson II* on direct appeal. *Anderson II*, 1996 SD 46, ¶ 7, 546 N.W.2d at 397. Defendant contended the sentences constituted cruel and unusual punishment and were prohibited by the Eighth Amendment to the United States Constitution.[3] *Id.* We affirmed Defendant's convictions and affirmed the sentences. *Id.* ¶ 35, 546 N.W.2d at 403. We held the 125-year sentence for vehicular homicide, enhanced by three prior felony convictions, was not so excessive as to constitute cruel and unusual punishment. *Id.*

---

1. The 1990 drug convictions will be hereinafter referenced as *Anderson I*.

2. Levels of methamphetamine and marijuana metabolites were also identified in Andersons blood sample. *Anderson II*, 1996 SD 46, ¶ 5, 546 N.W.2d at 396.

3. Anderson also challenged the validity of the indictment and argued he was entitled to a mistrial because a State witness made an inadvertent reference to Anderson's parole status. We held neither the amendment of the indictment, nor the witness's reference prejudiced Anderson's rights and upheld the convictions. *Anderson II*, 1996 SD 46, ¶¶ 17-24, 546 N.W.2d at 400-01.

[¶ 8.] On July 26, 1996, Defendant filed a pro se petition for writ of habeas corpus seeking relief from his 1995 conviction, and counsel was appointed to assist him. (*Anderson III*). In his petition, Anderson alleged Patrick Schroeder, his trial counsel in *Anderson II,* was ineffective when he failed to argue that the two drug convictions in *Anderson I* used to enhance the 1995 sentence in *Anderson II* were actually a single transaction, and therefore should have been counted as just one felony for enhancement purposes.[4]

[¶ 9.] On, January 13, 1997 while his first habeas petition was working its way through the court system, Defendant challenged the enhancement of his sentence in circuit court by filing a motion to correct an illegal sentence. For purposes of the motion to correct illegal sentence, Defendant was represented by attorney Nichole Carper. Defendant contended the two drug convictions in *Anderson I* stemmed from a single transaction, and therefore could only be counted as one felony conviction for sentence enhancement purposes in *Anderson II.*

[¶ 10.] The original trial judge in *Anderson II,* Judge Judith Meierhenry, reviewed the motion and orally ruled that the trial judge in *Anderson I* had correctly sentenced Defendant for two separate offenses that constituted two separate transactions. In her written conclusions of law entered on March 21, 1997, Judge Meierhenry noted it was clear from the *Anderson I* transcripts that Defendant was apprised of three separate drug charges against him, and that he was sentenced for two separate charges stemming from two separate transactions which occurred on September 22, 1989 at the Al-

pine Inn and on September 23, 1989 at the Holiday Inn. With regard to the Part II Information, Judge Meierhenry noted that Defendant had been similarly apprised that two separate felony convictions stemming from two separate transactions, along with the 1988 grand theft felony conviction, were used to enhance his sentence in *Anderson II* under SDCL 22–7–8.1.

[¶ 11.] Defendant's 1996 habeas petition, *Anderson III,* was considered on its merits after the circuit court's ruling on the motion to correct an illegal sentence was denied on March 21, 1997. On May 28, 1998 in a letter opinion, Judge William J. Srstka rejected the single transaction argument and issued a judgment and order quashing the writ of habeas corpus. In his letter opinion, Judge Srstka noted that the trial judge in *Anderson II* had held the two drug convictions in *Anderson I* were separate transactions. Judge Srstka deemed that the res judicata effect of the March 21, 1997 ruling on Defendant's motion to correct an illegal sentence was sufficient to preclude habeas relief. Judge Srstka also noted that no prejudice resulted to Defendant in *Anderson II* when his trial counsel failed to advance the *Anderson I* single transaction argument, as the argument had no merit and was unlikely to succeed.

[¶ 12.] Defendant then appealed Judge Srstka's order quashing the writ of habeas corpus to this Court. The second issue in Defendant's brief to this Court was "the failure of Defendant's [*Anderson II* trial] attorney to challenge the double enhancement of his sentence by two prior convictions arising from the same transaction constituted ineffective assistance of coun-

---

4. In his 1997 habeas petition, Defendant also contended his trial counsel in *Anderson II* was ineffective for not preventing Anderson from giving an incriminating statement prior to

trial to the attorneys of Galen Barta's estate in connection with a potential civil dram shop action.

sel." In fourteen pages of his brief, Defendant argued at length that attorney Schroeder was ineffective for failing to argue the single transaction theory, and that attorney Carper had also failed to properly argue the same theory at the hearing before Judge Meierhenry on the motion to correct illegal sentence. This Court summarily affirmed and expedited the habeas court's judgment in an order dated March 29, 1999 and filed on April 21, 1999. *Anderson v. Class*, 590 N.W.2d 709 (S.D.1999)(Table). This Court noted "it is manifest on the face of the briefs and the record that the appeal is without merit[.]"

[¶ 13.] On May 18, 1999, Defendant filed a second state habeas (*Anderson IV*) in which he contended attorney Carper, who represented him on the 1997 motion to correct illegal sentence, was ineffective for failing to appeal Judge Meierhenry's adverse ruling. The State argued Defendant's new habeas corpus petition should be dismissed under SDCL 21–27–16.1,[5] as Defendant had failed to raise all available grounds for relief in his first habeas proceeding, and the current claim had been available at the time of the first habeas action. Defendant argued Judge Kean in *Anderson I*, in the original trial on the drug charges, had never decided that the two drug crimes were separate transactions. Defendant also argued Judge Srstka in *Anderson III*, the first habeas corpus action, had never ruled on the merits of the sentence enhancement, and instead had relied on the res judicata effect of Judge Meierhenry's ruling on the mo-

tion to correct illegal sentence filed and heard in 1997.

[¶ 14.] Judge Peter J. Lieberman, the Second Judicial Circuit, issued a provisional writ of habeas corpus that the State resisted, and scheduled a hearing on the State's motion on April 12, 2000. Judge Lieberman took judicial notice of all underlying records, and reviewed the transcripts. Judge Lieberman rejected Defendant's arguments, deeming them contrary to the records before him. Judge Lieberman concluded Judge Srstka found Defendant's argument in *Anderson III* that attorney Schroeder was ineffective to be without merit, as the underlying single transaction argument itself was without merit and therefore no prejudice resulted to Defendant. Next, Judge Lieberman reviewed this Court's summary disposition of *Anderson III*, noting that this Court found "no issues of weight or gravity or substance raised for them to respond to." Judge Lieberman concluded by noting that the single transaction argument had been reviewed on its merits by four judges and five Supreme Court justices, all who found the argument to be meritless.

[¶ 15.] Defendant filed an appeal of Judge Lieberman's order quashing the second writ of habeas corpus. Defendant argued that the single transaction argument from *Anderson I* was not effectively raised by attorney Schroeder in *Anderson II*, or by attorney Carper in the motion to correct illegal sentence, and that Judge Srstka had not ruled on the merits of the argument in *Anderson III*. This Court

---

**5.** SDCL 21–27–16.1 provides:

All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other pro-

ceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental, or amended application.

summarily affirmed Judge Lieberman in an order dated January 16, 2001.

[¶ 16.] On October 15, 2003, despite the lengthy list of judges and justices who had reviewed the ineffective assistance of counsel claim and the underlying single transaction argument, Defendant filed a motion to withdraw his guilty plea eight years after sentencing. Judge Gene Paul Kean held a hearing on that motion on December 15, 2003. A second motion to correct an illegal sentence was filed on February 11, 2004. Judge Kean held a second hearing on the two motions to once again consider Defendant's argument that he was sentenced illegally under the habitual offender statute in *Anderson II*, when that trial court counted the two prior convictions in *Anderson I* as arising from two separate transactions.

[¶ 17.] In the alternative, Defendant argued that he should be allowed to plead anew to the Part II Information, as his plea was not voluntary and knowing as attorney Schroeder had indicated to Defendant that the State had only to prove Defendant was the same individual convicted of the 1988 and 1990 offenses. Defendant alleged his attorney was ineffective when he failed to advise Defendant that the State had to prove three separate felonies arising from three separate transactions. Defendant argued his attorney was also ineffective for failing to advance the single transaction argument for the 1990 drug convictions. Defendant argued a manifest injustice resulted from his attorney's ineffective assistance of counsel. The trial court denied Defendant's motion.

[¶ 18.] Defendant filed this appeal certifying the following issues:

1. Whether the circuit court erred when it held Defendant's claims were barred as res judicata.
2. Whether Defendant was illegally sentenced in *Anderson II* when the trial court counted the two prior convictions in *Anderson I* as separate transactions when enhancing Defendant's sentence.
3. Whether Defendant should be allowed to withdraw his guilty plea to the habitual offender charges in *Anderson II* when he was not advised that it was the State's burden to prove beyond a reasonable doubt that his two convictions stemming from *Anderson I* were separate transactions.

## STANDARD OF REVIEW

[¶ 19.] "Statutory interpretation and application are questions of law." *Block v. Drake*, 2004 SD 72, ¶ 8, 681 N.W.2d 460, 463 (citing *Steinberg v. State Dept. of Military Affairs*, 2000 SD 36, ¶ 6, 607 N.W.2d 596, 599). Conclusions of law are reviewed by this Court under the de novo standard, giving no deference to the circuit court's conclusions of law. *Sherburn v. Patterson Farms, Inc.*, 1999 SD 47, ¶ 4, 593 N.W.2d 414, 416 (citing *City of Colton v. Schwebach*, 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771).

[¶ 20.] Statutory construction is employed to discover the true intent of the legislature in enacting laws, which is ascertained primarily from the language employed in the statute. *State v. Myrl & Roy's Paving, Inc.*, 2004 SD 98, ¶ 6, 686 N.W.2d 651, 653 (citing *Martinmaas v. Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611). We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject. *State v. I–90 Truck Haven Service, Inc.*, 2003 SD 51, ¶ 3, 662 N.W.2d 288, 290 (citing *Martinmaas*, 2000 SD 85, ¶ 49, 612 N.W.2d at 611).

## ANALYSIS AND DECISION

**[¶ 21.] Whether the circuit court erred when it held Defendant's claims were barred as res judicata.**

[¶ 22.] The doctrine of res judicata prevents the relitigation of claims that were pursued and litigated in prior proceedings, as well as those "issues which could have been properly raised and determined in a prior action." *Merchants State Bank v. C.E. Light,* 458 N.W.2d 792, 794 (S.D.1990) (citing *Bank of Hoven v. Rausch,* 449 N.W.2d 263, 266 (S.D.1989)). Res judicata serves to bar further court action, including appeals, when four conditions are met:

(1) whether the issue decided in the former adjudication is identical with the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties were identical; and (4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication.

*Moe v. Moe,* 496 N.W.2d 593, 595 (S.D. 1993) (citing *Raschke v. DeGraff,* 81 S.D. 291, 295, 134 N.W.2d 294, 296 (1965)).

[¶ 23.] Defendant seeks to attack the legality of the sentence enhancement imposed on his 1996 *Anderson II* conviction, by challenging the use of his two prior drug convictions in *Anderson I* as separate transactions. Defendant argued that res judicata should not be applied in this case, as the merits of the separate transaction issue have never been addressed. Defendant contends that each of the courts that have reviewed his habitual offender enhancement issue have rendered their decisions by relying on res judicata for the purpose of judicial convenience, rather than reviewing the merits of the claim.

[¶ 24.] Defendant first appealed his sentence in *Anderson II* in 1996, contending that the sentence constituted cruel and unusual punishment. 1996 SD 46, 546 N.W.2d at 396. The issue of whether the sentence had been improperly enhanced using three prior felony convictions was never raised in Defendant's first appeal in 1996. Defendant had the right to one appeal, and one appeal only from a final judgment of conviction. SDCL 23A–32–2. That appeal was exhausted in 1996. Defendant's failure to raise the issue on appeal barred any further appeal on the issue, and left habeas corpus, a motion to correct an illegal sentence, or a motion to withdraw a guilty plea as possible avenues for post-conviction relief.

[¶ 25.] In 1997, Defendant challenged the enhanced sentence in his first motion to correct illegal sentence before Judge Meierhenry. That court reviewed the record and noted specifically that the 1990 drug convictions were for two separate offenses that occurred on two separate dates, and involved two separate quantities of methamphetamines. Judge Meierhenry correctly held that the issue was without merit, and denied the motion. Defendant did not appeal the holding of the circuit court.

[¶ 26.] Defendant's first habeas corpus petition, *Anderson III,* was subsequently considered by the circuit court. In that petition, Defendant alleged his trial attorney in *Anderson II,* Patrick Schroeder, was not functioning as effective counsel within the meaning of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when he failed to argue that the two drug convictions in *Anderson I* used to enhance the 1995 sentence in *Anderson II* were actually a single transaction. The habeas court reviewed the merits of Defendant's claim, focusing on the charging document and the police officer's report, which recorded the dates, times and details of the offenses. The habeas court noted that Count I was

based on the activities of September 22, 1989 and Count 3 was based on the activities of September 23, 1989. Defendant's claim was found to be without merit by the habeas court. That court noted that under the two-prong test in *Strickland*, Defendant was unable to show prejudice, as the single transaction argument lacked merit and was unlikely to prevail even if attorney Schroeder had attempted to use the theory to challenge the Part II Information. Finally, that court noted the preclusive effect of Judge Meierhenry's ruling on the motion to correct illegal sentence, as the same single transaction issue was previously adjudicated. We summarily affirmed the habeas court.

[¶ 27.] Defendant next filed his second habeas petition, *Anderson IV*, contending his counsel, attorney Carper, was ineffective when she failed to argue the single transaction theory to Judge Meierhenry in Defendant's first motion to correct illegal sentence. Defendant's issue was the same as in his first habeas petition: trial counsel was ineffective for failing to argue that the 1990 drug convictions stemmed from a single transaction and were used to illegally enhance the 1995 *Anderson II* conviction. The only difference between the argument presented in *Anderson III*, the first habeas petition, and *Anderson IV*, the second habeas petition, was that Defendant alleged that a different lawyer failed to properly make the same argument. The circuit court denied the motion after a thorough examination of the record. On appeal to this Court, we summarily affirmed the second habeas court.

[¶ 28.] Defendant filed a second motion to correct illegal sentence. That motion was denied by Judge Kean. Defendant now attempts to push his way into this Court once again, to have the same issue ruled upon—whether the *Anderson I* convictions should count as one or two felony convictions for purposes of enhancing the sentence in *Anderson II*.

[¶ 29.] The identical issue of whether the *Anderson I* drug convictions were a single transaction has been reviewed in two motions to correct an illegal sentence and in two habeas corpus petitions. There have been four judgments on the issue, two of which have been affirmed by this Court. In all four adjudicatory proceedings, the parties have been identical, the Defendant and the State. In all four prior proceedings, each judge has considered the facts of *Anderson I* in order to determine if the sentence in *Anderson II* was legally imposed, thus each of the lower courts have provided a full and fair opportunity to Defendant to litigate the issue. This Court has provided Defendant with two full and fair opportunities to review the single transaction argument, first as it pertained to the alleged ineffective assistance of counsel by attorney Schroeder and again as it pertained to the alleged ineffective assistance of counsel by attorney Carper.

[¶ 30.] Now, for the fifth time, Defendant attempts to litigate the same issue, between the same parties, for which four final judgments have been entered, and in which Defendant received four full and fair opportunities to litigate the issue. There is no doubt that there is absolutely no merit to Defendant's contention that the two 1990 drug convictions constituted one single transaction. The issue is precluded from being addressed in any manner, in any state court in South Dakota by the doctrine of res judicata.

[¶ 31.] It is unnecessary for us to address Issues 2 and 3 given the preclusive effect of the prior adjudications of Defendant's claims. However, for the benefit of the bench and bar we review the pertinent case law on separate transactions within

the context of our habitual offender sentencing scheme.

[¶ 32.] SDCL 22–7–8.1 provides:

> If a defendant has been convicted of three or more felonies in addition to the principal felony and none of the prior felony convictions was for a crime of violence as defined in subdivision § 22–1–2(9), the sentence for the principal felony shall be enhanced by two levels. A defendant sentenced under this section is eligible for consideration for parole pursuant to § 24–15–5.

The habitual offender statutory scheme also provides:

> A prior conviction may not be considered under either § 22–7–7 or 22–7–8 unless the defendant was, on such prior conviction, discharged from prison, jail, probation, or parole within fifteen years of the date of the commission of the principal offense. *In addition, only one prior conviction arising from the same transaction may be considered.*

SDCL 22–7–9 (emphasis added).

[¶ 33.] There is no definition in our criminal statutes or the parole statutes for "separate transactions." However, our case law defines a separate transaction as a distinct separate act that is completed before the next act begins. *State v. Pasek*, 2004 SD 132, ¶ 29, 691 N.W.2d 301, 311 (citing *State v. Sieler*, 1996 SD 114, ¶ 18, 554 N.W.2d 477, 482). *Cf. State v. Flittie*, 425 N.W.2d 1, 2, (S.D.1988) (holding that the same exact post-murder conduct will not support convictions for both conspiracy to commit murder and accessory after the fact to murder). In *Sieler* we held a defendant could be convicted of kidnapping, second-degree rape, first-degree burglary, in addition to attempted first-degree murder and aggravated assault, as separate transactions, despite the fact that the crimes involved one victim, one location, and occurred over a three to four hour period. *Sieler*, 1996 SD 114, ¶ 17–19, 554 N.W.2d 477, 482. The fact that two or more criminal acts are "successive does not require the conclusion that they have merged." *Id.* ¶ 18. (citation omitted).

[¶ 34.] Defendant was convicted of Count 1, distribution of a controlled substance for his acts on September 22, 1989. The conviction for Count 3, possession of a controlled substance with intent to distribute was based on Defendant's acts on September 23, 1989. Defendant distributed a controlled substance on September 22, 1989, when the negotiations were concluded and the money and drugs changed hands at the Alpine Inn. On September 23, 1989, at the Holiday Inn, Defendant completed the acts necessary for Count 3, as he had four plastic bindles of methamphetamine in his hand, each purportedly containing one-eighth of an ounce that he offered for sale to the undercover police officer.

[¶ 35.] The fact that Defendant had mistakenly given the undercover officer one-fourth of an ounce of methamphetamine on September 22 and sought to obtain an additional $250 for the drugs on September 23 does not bind the two offenses together into one offense. The acts constituting distribution of a controlled substance were completed on September 22, prior to the start of the acts Defendant engaged in on September 23 that constituted possession with intent to distribute. The distinct separate acts that gave rise to the conviction on Count 1 were completed before the acts on which Count 3 was based began.

[¶ 36.] Affirmed.

[¶ 37.] KONENKAMP and ZINTER, Justices, concur.

[¶ 38.] SABERS, Justice, concurs in result.

[¶ 39.] MEIERHENRY, Justice, deeming herself disqualified, did not participate.

SABERS, Justice (concurring in result).

[¶ 40.] I concur in result because it is settled law that these two drug convictions were separate transactions. SDCL 22–7–9. In fact, I would affirm and expedite the opinion under settled South Dakota law. SDCL 15–26A–87.1.

[¶ 41.] I agree that it is unnecessary to address Issues 2 and 3. Therefore, I see no reason to "review the pertinent case law on separate transactions within the context of our habitual offender sentencing scheme." (See opinion, paragraph 31). Likewise, I would omit paragraphs 32, 33, 34 and 35 as unnecessary.