2001 SD 1

### In. the Matter of the SUPPORT OBLIGATION OF Carlos Do REGO.

### No. 21485.

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 2000.

Decided Jan. 3, 2001.

Kent R. Hagg of Whiting, Hagg & Hagg, Rapid City, SD, Attorneys for appellee DoRego.

Debra D. Watson, Rapid City, SD, Attorney for appellant Vickie.

GILBERTSON, Justice

[¶ 1.] In November of 1999, after receiving financial assistance from the State of South Dakota, Vickie sought past and future child support payments from Carlos Do Rego (Do Rego). The circuit court found that the presumption of legitimacy precluded Do Rego's support obligation and denied Vickie's claim. We affirm.

### FACTS AND PROCEDURE

[¶ 2.] Do Rego and Vickie were romantically involved beginning in 1985 and ending in the fall of 1987. This relationship included several sexual encounters. After the last encounter, in either late October or early November of 1987, Vickie phoned Do Rego, informing him that she was pregnant. There is a dispute as to whether Vickie informed Do Rego that the child was his. Do Rego claims that Vickie told him that she was unsure as to the identity of the father. Vickie denies she made that statement, asserting that she had no doubt who the father was because Do Rego was the only person with whom she had engaged in sexual relations. Vickie was two months along at the time she informed Do Rego of her pregnancy.

[¶ 3.] The relationship between Vickie and Do Rego ended after this revelation. On December 26, 1987, Vickie married Michael, with whom she had previously been romantically involved. Michael and Vickie have remained married since that date. At the time of the marriage, Michael was aware of Vickie's pregnancy as well as the fact that he was not the father. Vickie's child, C.R., was born on April 10, 1988. C.R. was given Michael's last name and has been treated as Michael's child. After they were married, Michael and Vickie lived in New Jersey for a short time before returning to the Rapid City area.

[¶ 4.] While Michael and Vickie were living in New Jersey, Do Rego attempted to contact Vickie at her previous phone number, which was her parents' home. He was informed that Vickie had moved out and been married. Do Rego assumed that Vickie had married the father of her child. Although Do Rego was stationed at Ellsworth Air Force Base until January of 1992, there was no further contact between Do Rego and Vickie from the phone conversation in 1987 until November of 1999. At that time, Do Rego received a notice from the State of South Dakota that it would be seeking past and future child support for Vickie's son, C.R.

[¶ 5.] At Do Rego's request, a paternity test was performed, revealing a 99.99% probability that he was the father of C.R. A child support hearing was subsequently held before a referee. The referee issued a report recommending the action be dismissed. The referee found that because C.R. was born to Vickie while she was married to Michael, C.R. was the legitimate son of Michael pursuant to the presumption of legitimacy mandated in SDCL 25-8-57. The referee further concluded that, under SDCL 25-8-59, any action contesting the presumption of legitimacy must have been brought within sixty days of C.R.'s birth, because no fraud, duress, or material mistake had occurred. Because this window had long ago closed, C.R. was presumed to be Michael's legitimate child. Therefore, Do Rego was not legally responsible for the support of C .R. The circuit court adopted the referee's conclusions. Vickie appeals to this Court, raising the following issue:

Whether the presumption of legitimacy precludes the recovery of child support from the biological father.

## STANDARD OF REVIEW

[¶ 6.] There is no dispute of the facts material to a resolution of this issue,

therefore we are limited to a question of statutory interpretation. The interpretation of statutes is reviewed as a matter of law under the de novo standard. *Cole v. Bd. of Adj., City of Huron*, 1999 SD 54, ¶ 4, 592 N.W.2d 175, 176.

## ANALYSIS AND DECISION

[¶ 7.] Pursuant to SDCL 25-8-57, "[a]ny child born in wedlock, or born within ten months after dissolution of the marriage, is presumed legitimate to that marriage...." Because C.R. was born while Michael and Vickie were married, he is presumed to be a legitimate child of that marriage. "This presumption of legitimacy is one of the very strongest, if not the strongest, presumption known to the law." *In re Kessler's Estate*, 76 S.D. 158, 162, 74 N.W.2d 599, 601 (1956). However, this presumption is not absolute. SDCL 25-8-57 provides that the presumption of legitimacy can be contested, but only "by the husband or wife, or a descendant of one or both of them." Before she is entitled to receive child support payments, Vickie must rebut the presumption that C.R. is Michael's legitimate son. Vickie claims that she has rebutted this presumption by obtaining a blood test that established a 99.99% probability that Do Rego is the father of C.R.* Vickie also claims that the presumption of legitimacy is rebutted because Do Rego does not contest that he is the father of C.R.

[¶ 8.] Whether this evidence effectively rebuts the presumption of legitimacy will not be reached as the statute of limitation to contest the presumption has expired. Any action to challenge a presumption of legitimacy must be brought within sixty days of the creation of the presumption or within three years of that date in cases of fraud, duress or material mistake of fact. SDCL 25-8-59. The presumption in this case was created on the date of C.R.'s birth, April 10, 1988. Because no fraud, duress or material mistake has been alleged, the presumption of legitimacy could

---

* Vickie bases this claim on SDCL 25-8-58 which provides that "[g]enetic test results establishing a threshold probability of paternity of ninety-nine percent or more shall create a rebuttable presumption of paternity...."

only be contested within sixty days of that date. That period expired long before Vickie challenged the legitimacy presumption in 1999.

[¶ 9.] Vickie claims that the statute of limitation in SDCL 25–8–59 applies only when a presumption of paternity is contested, as opposed to when a presumption of legitimacy is challenged. This argument fails because SDCL 25–8–59 applies to "[a]ny action contesting a rebuttable presumption of paternity as established by §§ 25–8–50 to 25–8–58, inclusive. . . ." By its very language, SDCL 25–8–59 applies to the presumption of legitimacy mandated in SDCL 25–8–57. Vickie's attempt to distinguish the two presumptions is unpersuasive in light of the statutory language. Therefore, the circuit court was correct in applying the 60 day statute of limitation. Because Vickie did not rebut the presumption of legitimacy within the allowed period of time, she is precluded from challenging it now. We affirm.

[¶ 10.] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.