#23702-a-DG

**2006 SD 36**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

DAVID D. CHAPMAN,                          Plaintiff and Appellant,

  v.

MICHELE CHAPMAN,                    Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEROME A. ECKRICH, III
Judge

* * * *

MURL L. WOODS
Attorney at Law
Rapid City, South Dakota            Attorney for plaintiff
                                                 and appellant.

MICHELE R. ACRE-CHAPMAN
Rapid City, South Dakota            Pro se appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 9, 2006

OPINION FILED **04/12/06**

#23702

GILBERTSON, Chief Justice

[¶1.] Appellant, David Chapman, (David), filed a motion for the genetic testing of a daughter born to the Appellee, Michele Chapman, (Michele), during the course of the parties' marriage. However, his motion was entered more than sixty days, and in fact, more than three years after the birth of the child. The trial court denied the motion. We affirm.

## FACTS AND PROCEDURE

[¶2.] David and Michele were married on January 20, 1999. During the course of the marriage, Michele became pregnant. Michele moved from the marital home in 2000 when she was approximately six months pregnant. She gave birth to a daughter, S.M.A., on June 2, 2000. Michele did not list David as the father of S.M.A. on the birth certificate, electing to leave the name of the child's father blank. Instead, she listed the child's last name as that of her former spouse whom she divorced before her marriage to David.

[¶3.] The parties dispute when David received notice of the birth of S.M.A. David maintains he was not notified until several months after the birth and that he has never had contact with the child. Michele contends she attempted to discuss the child with David several times up until approximately October 2000, but David refused all attempts at visitation and contact with S.M.A.

[¶4.] Michele instituted child support enforcement proceedings against David in the fall of 2001. On October 30, 2001, David received a notice of support debt from the Office of Child Support Enforcement, (CSE), informing him he had a legal obligation to provide support for the child, and requesting financial

-1-

information in order to set a support amount. The last paragraph of CSE's letter

stated:

> If you object to any part of this notice, you have ten (10) days
> from the date you received the notice to submit a written
> request for hearing before a Court Appointed Referee to the
> address listed below. If you wish to contest Paternity, you are
> required to commence an action in Circuit Court.
> Commencement of a Paternity Action does not postpone the
> establishment or enforcement of your Child Support Obligation.
> *See* SDCL 25-7A-8.

David completed and signed the financial statement as required. David did not

object to the child support proceedings and did not contest paternity after receipt of

the notice of support obligation. On December 12, 2001, a child support order and

judgment were entered in circuit court without further proceedings. The order and

judgment required David to pay $225 per month in child support and fifty dollars

per month toward $4,050 in back child support and statutory interest awarded from

the date of S.M.A.'s birth on June 1, 2000, through November 30, 2001.

[¶5.] On March 3, 2004, David filed a summons and complaint seeking a

divorce from Michele on the grounds of irreconcilable differences. On April 5, 2004,

David filed a motion contesting paternity of S.M.A., and seeking to compel Michele

and S.M.A. to undergo paternity testing along with David. Michele resisted the

motion, arguing that the child was born of the marriage and that David did not

challenge paternity at the time the final support order was entered on December

12, 2001.

[¶6.] The circuit court denied David's motion for paternity testing by order

dated October 13, 2004. The circuit court found that David did not initiate legal

action on the issue of paternity when he failed to request a hearing in the support

action. In its conclusions of law, the circuit court held that the judgment and order for support was a final judgment that barred relitigation of the issue of paternity.

[¶7.] David requested an intermediate appeal on the issue before this Court, arguing that the issue was not barred by res judicata and that it was in the best interests of the child to definitively establish paternity via genetic testing. We denied the request by order on November 24, 2004, expressing no opinion on the merits of the appeal.

[¶8.] On April 20, 2005, the circuit court entered a judgment and decree of divorce, granting Michele sole legal and physical custody of S.M.A. The child support order was incorporated into the divorce decree by stipulation, requiring the monthly child support payment of $225, and the fifty dollar monthly payment for back child support and statutory interest. Both parties stipulated that the only contested issue remaining was David's motion for paternity testing, but agreed that the circuit court could enter a decree of divorce without trial on the matter.

[¶9.] David timely appeals the trial court's denial of his motion for paternity testing upon the final entry of the judgment and decree of divorce, and raises two issues for this Court's review.

1.    Whether David is barred from raising the issue of paternity when paternity was established by statutory presumption and David failed to contest the presumption within the sixty-day statute of limitations as provided by SDCL 25-8-59.

2.    Whether SDCL 25-8-59 is unconstitutional when it barrs a presumed father from contesting paternity after the sixty-day statute of limitations has expired.

## STANDARD OF REVIEW

[¶10.]    "Statutory interpretation and application are questions of law[,]" and are reviewed by this Court under the de novo standard of review. State v. Anderson, 2005 SD 22, ¶19, 693 NW2d 675, 681 (quoting Block v. Drake, 2004 SD 72, ¶8, 681 NW2d 460, 463 (citing Steinberg v. State Dept. of Military Affairs, 2000 SD 36, ¶6, 607 NW2d 596, 599)). Under the de novo standard of review we give no deference to the circuit court's conclusions of law. *Id.* (citing Sherburn v. Patterson Farms, Inc., 1999 SD 47, ¶4, 593 NW2d 414, 416 (citing City of Colton v. Schwebach, 1997 SD 4, ¶8, 557 NW2d 769, 771)).

[¶11.]    "Statutory construction is employed to discover the true intent of the legislature in enacting laws, which is ascertained primarily from the language employed in the statute." *Id.* ¶20  (citing State v. Myrl & Roy's Paving, Inc., 2004 SD 98, ¶6, 686 NW2d 651, 653 (citing Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611)). "We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." *Id.* (citing State v. I-90 Truck Haven Service, Inc., 2003 SD 51, ¶3, 662 NW2d 288, 290 (citing *Martinmaas*, 2000 SD 85, ¶49, 612 NW2d at 611).

## ANALYSIS AND DECISION

[¶12.]    **1.    Whether David is barred from raising the issue of paternity when paternity was established by statutory presumption and David failed to contest the presumption within the sixty-day statute of limitations as provided by SDCL 25-8-59.**

[¶13.]    Res judicata serves as a bar to the relitigation of claims pursued and litigated in prior proceedings. Black Hills Jewelry Mfg. Co. v. Felco Jewelry Indus.,

Inc., 336 NW2d 153, 157 (SD 1983) (citing Matter of Estate of Nelson, 330 NW2d 151 (SD 1983); Schmidt v. Zellmer, 298 NW2d 178 (SD 1980); Gottschalk v. South Dakota State Real Estate Comm'n, 264 NW2d 905 (SD 1975))). One purpose of res judicata is to prevent parties from being subjected twice to the same cause of action, as finality in litigation best serves public policy. Moe v. Moe, 496 NW2d 593, 595 (SD 1993) (citing *Black Hills Jewelry Mfg. Co.*, 336 NW2d 153).

[¶14.]　　　　The concepts of merger and bar embodied in res judicata are broad, encompassing not only the issues within the original action but also "all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein." *Id.* (quoting Raschke v. DeGraff, 81 SD 291, 295-96, 134 NW2d 294, 297 (1965)). In addition, the bar and merger effects also extend to issues "*which could have been properly raised and determined* in a prior action." *Black Hills Jewelry Mfg. Co.*, 336 NW2d at 157 (citations omitted). "For purposes of res judicata, a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce." *Id.* (citing Carr v. Preslar, 73 SD 610, 47 NW2d 497 (1951); Jerome v. Rust, 23 SD 409, 122 NW 344 (1909)).

[¶15.]　　　　In all cases, the judgment or decision must be final and unreversed. *Id.* (citing Keith v. Willers Truck Serv., 64 SD 274, 266 NW256 (1936)). In addition, the prior final judgment or order must have been rendered by a court of competent jurisdiction. *Moe,* 496 Nw2d at 595. The doctrine of res judicata "bars an attempt to relitigate a prior determined cause of action by the parties, or one of the parties in privity, to a party in the earlier suit." *Black Hills Jewelry Mfg. Co.*, 336 NW2d at 157.

[¶16.] The statute at issue in the instant case is SDCL 25-8-57, which codifies a rebuttable presumption of legitimacy for children born in wedlock and provides:

> Any child born in wedlock, or born within ten months after dissolution of the marriage, is presumed legitimate to that marriage even if the marriage is subsequently declared to be null and void, or subsequently dissolved by divorce. This rebuttable presumption of legitimacy can only be disputed by the husband or wife, or a descendant of one or both of them.

While the rebuttable presumption can be challenged "by the husband or wife, or a descendant of one or both of them[,]" the statutory language in SDCL 25-8-59 places a limitation on the time in which such an action must be brought. SDCL 25-8-59 provides:

> Any action contesting a rebuttable presumption of paternity as established by §§ 25-8-50 to 25-8-58, inclusive, shall be commenced in circuit court either sixty days after the creation of the presumption of paternity or the date of any administrative or judicial proceedings relating to the child including proceedings to establish a support obligation in accordance with § 25-8-52, whichever occurs earlier, except in cases where there are allegations of fraud, duress, or material mistake of fact. In cases involving allegations of fraud, duress, or material mistake of fact, any action contesting a rebuttable presumption of paternity shall be commenced within three years after the creation of any presumption. The burden of proof shall be upon the moving party and the payment of child support, or any other legal responsibilities of the parties, may not be suspended during the pendency of the proceedings, except upon a showing of good cause by the moving party.

[¶17.] Under SDCL 25-8-59, when a child is born in wedlock the rebuttable presumption of legitimacy must be challenged within sixty days of its creation. *In re* Support Obligation of Do Rego, 2001 SD 1, ¶8, 620 NW2d 770, 771-72 (citing SDCL 25-8-59. Under the statute, the date of creation is either the date of the

child's birth, or the date of an administrative or judicial proceeding relating to the child, including the establishment of a child support obligation. SDCL 25-8-59. However, the date of creation will be determined by which of the two events happened first, the child's birth or the date of an administrative or judicial proceeding relating to the child. *Id.* Whichever date is established as the date the presumption was created, the paternity challenge must be brought within sixty days of its creation with one exception. *Id.* The sole exception to the sixty-day rule arises when the party seeking to rebut the presumption alleges fraud, duress or material mistake of fact. *Id.* When fraud, duress or material mistake of fact is shown by the party seeking to contest paternity, legal action to challenge paternity must be commenced within three years of the date of the creation of the presumption. *Id.*

[¶18.]     The rebuttable presumption of legitimacy in this case was created on the earlier of two dates: the child's date of birth on June 2, 2000, or the date of an administrative or judicial proceeding relating to the child. David argues that the date of creation is December 12, 2001, when the child support obligation order was entered by the circuit court. However, the statute is clear that the earlier of the two dates is the date the presumption is created. Therefore, the date the presumption of paternity was created was the child's date of birth, June 2, 2000. David was required to file an action to contest paternity in circuit court within sixty days of S.M.A.'s birth, unless he was able to show fraud, duress or material mistake of fact.

[¶19.]     David argues that he did not have knowledge of the child's birth for several months, and therefore the date of creation should be the date of the

December 12, 2001, support order. To support this contention, he also argues that Michele put the issue of the child's paternity into question when she failed to put David's name on S.M.A.'s birth certificate, instead giving the child the last name of her former spouse. However, this argument is more properly viewed as an allegation of fraud, duress or material mistake of fact that would have extended the time for contesting paternity to three years from the date of creation of the presumption of legitimacy. Thus, under this scenario David was required to contest paternity no later than June 2, 2003, that is within three years of S.M.A.'s birth. David failed to contest paternity until March 3, 2004, when he filed for divorce.

[¶20.] David's argument must fail under the plain meaning of the language in SDCL 25-8-59. The language is clear that the date of creation of a presumption of paternity when a child is born in wedlock is the earlier of two possible dates: the child's date of birth or the date of an administrative or judicial proceeding relating to the child. In this case, it is clear that the earlier of the two dates is the child's date of birth, June 2, 2000.

[¶21.] Even if the circuit court had found David's arguments regarding fraud, duress or material mistake of fact persuasive, all that David gained was three years instead of sixty days from the child's date of birth of June 2, 2000, in which to contest paternity. David's first paternity contest was filed on March 3, 2004, almost nine months after the expiration of the three year statute of limitation. Therefore, David failed to timely file his paternity contest per the three year statute of limitations in SDCL 25-8-59.

#23702

[¶22.]     Our law is clear that "a defendant is required to plead any and all affirmative defenses in the answer to the plaintiff's complaint."[1]  Jurgensen v. Smith, 2000 SD 73, ¶21, 611 NW2d 439, 442 (citing SDCL 15-6-8(b)).  Failure to plead an affirmative defense before the trial court deems the defense waived, and precludes the defendant from addressing it on appeal.  Christensen v. Christensen, 2003 SD  137, ¶19, 672 NWd 466, 472.

[¶23.]     The only affirmative defense pleaded by Michele in her May 3, 2004, motion in opposition to the paternity test at the circuit court level was res judicata.[2]  David concedes that the child support order is a final judgment on the issue of support, but not as to the issue of paternity.  David contends the issue of paternity

---

1.     SDCL 15-6-8(c) provides:
       In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.  When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

2.     The failure to plead the affirmative defense of the statute of limitations was not an oversight by her attorney, but rather appears to be a function of our holding in *Department of Social Services ex rel. Wright v. Byer*, 2004 SD 41, 678 NW2d 586 (*Byer I*), decided on March 31, 2004, in which this Court held that the sixty-day statute of limitations in SDCL 25-8-59 was unconstitutional.  Our order for a rehearing in *Byer I* to address the constitutionality of the sixty-day statute of limitations stayed its holding, but it was not issued until May 7, 2004.  Department of Social Services *ex rel.* Wright v. Byer, 2005 SD 37, ¶1, 694 NW2d 705, 705-06 (*Byer II*).  By that date, the time for Michele to plead the statute of limitations had passed and she was unable to avail herself of that particular affirmative defense.

-9-

was never raised during the child support action commenced by the CSE, and therefore, he was not given a full and fair opportunity to litigate the issue below.

[¶24.]     David appears to argue that CSE should have raised the issue of paternity at the time it provided him with notice and sought an order for child support.  David's argument is without merit as only "a husband or wife, or a descendant of one or both of them" can dispute the legitimacy of a child born during the course of a marriage.  *See* SDCL 25-8-57.  CSE has no role in instituting an action to contest paternity.

[¶25.]     David advances a second argument in support of his allegation that he did not receive a full and fair opportunity to contest the presumption of paternity. David concedes he was provided with notice that he could commence a paternity action at the time child support enforcement proceedings.  However, he argues that the offer would not have provided him with a full and fair opportunity to contest the issue of paternity, because his child support obligation as established by the rebuttable presumption would not have been stayed during the paternity proceedings.

[¶26.]     David's second argument is equally without merit.  The fact that filing a paternity contest will not stay a child support obligation does not preclude the opportunity for a full and fair hearing.  David was offered the opportunity to avoid the child support obligation by contesting and winning a paternity contest in circuit court per the language of SDCL 25-8-58.  He was also offered the opportunity to contest the child support enforcement proceedings through the use of a court-

appointed referee. David did not avail himself of any of these full and fair opportunities to contest paternity or the child support judgment.

[¶27.]     The issue of S.M.A.'s paternity was a question of fact that was directly involved in determining whether David was required to pay child support. As such, it is an issue "which could have been properly raised and determined in a prior action." *See Black Hills Jewelry Mfg.*, 336 NW2d at 157. The child support decision was issued by a court of competent jurisdiction, it was final and unreversed. Therefore, the issue of paternity is res judicata and the circuit did not err when it held as a matter of law that David's motion for paternity testing was barred.

[¶28.]     **2.     Whether SDCL 25-8-59 is unconstitutional when it bars a presumed father from contesting paternity after the sixty-day statute of limitations has expired.**

[¶29.]     David next argues that SDCL 25-8-59 is unconstitutional because it discriminates between children with presumed fathers and children without presumed fathers. David cites to *Byer I*, 2004 SD 41, 678 NW2d 586, for the proposition that the statutory scheme discriminates against children with presumed fathers by allowing them only sixty days in which to contest the paternity of their presumed father, while allowing children without presumed fathers eighteen years in which to bring establish paternity.

[¶30.]     However, in his brief David contends that he has been injured by the sixty-day statute of limitations in SDCL 25-8-59, but offers no facts to support this position. The facts of the instant case are clear, in that David caused his own injury by failing to timely contest the child support obligation. David offers no

#23702

authority for his proposition that he was precluded from a full and fair opportunity to initiate a paternity contest due to the constraints of SDCL 25-8-59.

[¶31.]    "The failure to cite supporting authority is a violation of SDCL 15-26A-60(6) and the issue is thereby deemed waived."  State v. Pellegrino, 1998 SD 39, ¶22, 577 NW2d 590, 599 (quoting State v. Knoche, 515 NW2d 834, 840 (SD 1994); State v. Dixon, 419 NW2d 699, 701 (SD 1988)).  Therefore, we affirm the circuit court on Issue 1, and deem Issue 2 waived.

[¶32.]    Affirmed.

[¶33.]    SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.