SABERS, Justice.
[¶ 1.] The State appeals an order by the circuit court appointing the Pennington County Public Defender’s Office to represent Duane Apple (Apple) in this civil forfeiture proceeding. We affirm.
FACTS
[¶ 2.] Although the facts have not been fully developed, Apple is incarcerated in the State Penitentiary in Sioux Falls for violating conditions of his parole.[1] On September 14, 2005, the State brought this civil forfeiture action alleging Apple had used $1,010 in a drug-related transaction.[2]
[¶ 3.] Apple responded with a handwritten motion to release the funds and a motion for a thirty-day continuance. In his motion for continuance, Apple wrote: “My name is Duane Apple an [sic] I’m requesting a 30 Day [sic] continuance in this Matter [sic] cause [sic] I am seeking legal assistance in my case.” Apple later wrote a letter to the Pennington County Clerk of Courts, requesting an attorney. In his letter, Apple stated:
I am not smart enough to answer some of this [sic] questions in these papers you all [sic] sent me, [sic] these interrogatories that were sent me [sic]. May I please have a lawyer help me in this Matter [sic] cause [sic] I do not understand alot [sic] and I’m in prison right now an [sic] don’t have the freedom to go out an [sic] have a lawyer help me in this Matter [sic].
Apple completed an application for court-appointed counsel. The circuit court appointed the Pennington County Public Defender’s Office to represent Apple.
[¶ 4.] On November 3, 2005, the State filed a motion to remove appointed counsel. A hearing was held on November 8. The State argued Apple was not statutorily or constitutionally entitled to appointed counsel. The State also alleged that Apple *94 was a drug dealer and either used or obtained the $1,010 in a drug transaction.
[¶ 5.] Apple’s counsel represented to the circuit court that she contacted a rancher from Okaton, South Dakota, who employed Apple over the summer. Apparently, the rancher paid Apple between $1,100 and $1,200 dollars sometime in August, 2005. Counsel argued that although Apple had not been charged by the State for the alleged drug transaction, the circuit court had an equitable power to appoint counsel in the civil forfeiture action.
[¶ 6.] The circuit court denied the State’s motion. The circuit court did not enter findings of fact or conclusions of law. Instead, the court stated on the record:
[T]his man [is] incarcerated in the State Penitentiary and has no money and there’s a thousand dollars which counsel represents to me as an officer of the [e]ourt that he believes is through his employer and wants to establish that that money was earned from the sweat of his brow. So I’m supposed to let him come out here and run up against the Attorney General’s Office and their skills and ability without an attorney to present his case?
[[Image here]]
Well, I’m going to remain as I have and it’s my order that the Public Defender’s Office of Rapid City, South Dakota, will represent Mr. Apple in this matter.
[¶ 7.] On November 18, 2005, we temporarily stayed the circuit court proceedings and considered the State’s motion for a discretionary appeal. On December 1, 2005, the State convened a grand jury which indicted Apple on charges of possession and distribution of methamphetamine. We granted the State’s petition for appeal on December 9, 2005. We address the following issues:
1. Whether SDCL 23A-40-6 or SDCL 23A-40-7 permits a circuit court to appoint counsel to represent an indigent defendant in a civil forfeiture action.
2. Whether an indigent defendant has a Sixth Amendment right to appointed counsel in a civil forfeiture action.
3. Whether an indigent defendant has a Fourteenth Amendment due process right to appointed counsel in a civil forfeiture action.
Standard of Review
[¶ 8.] This ease involves statutory interpretation. “Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review.” Chapman v. Chapman, 2006 SD 36, ¶ 10, 713 N.W.2d 572, 576 (citing State v. Anderson, 2005 SD 22, ¶ 19, 693 N.W.2d 675, 681 (quoting Block v. Drake, 2004 SD 72, ¶ 8, 681 N.W.2d 460, 463) (internal quotations omitted)).
Statutes are to be construed to give effect to each statute and so as to have them exist in harmony. It is a fundamental rule of statutory construction that the intention of the law is to be primarily ascertained from the language expressed in the statute.
In re Estate of Meland, 2006 SD 22, ¶ 6, 712 N.W.2d 1, 2 (quoting In re Estate of Jetter, 1997 SD 125, ¶ 11, 570 N.W.2d 26, 29) (quoting Rushmore State Bank v. Kurylas, 424 N.W.2d 649, 653 (S.D.1988)) (internal citations omitted).
[¶ 9.] Generally, we review questions concerning constitutional rights under the de novo standard of review. See State v. Asmussen, 2006 SD 37, ¶ 11, 713 N.W.2d 580, 586; State v. Williams, 2006 SD 11, 12 n. 2, 710 N.W.2d 427, 432 n. 2. However, with regard to a due process claim, the United States Supreme Court *95 has implied that circuit courts should be given a degree of deference. Lassiter v. Department of Social Services of Durham County, 452 U.S. 18, 31-32, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640 (1981) (noting that the facts and circumstances that give rise to due process claims are subject to “infinite variation” and should be “answered in the first instance by the trial court, subject, of course, to appellate review”).

1. Statutory right to counsel

[¶ 10.] No specific statute allows for appointed counsel in civil forfeiture actions. Instead, Apple relies upon SDCL chapter 23A-40, which provides counsel for indigent defendants:
In any criminal investigation or in any criminal action or action for revocation of suspended sentence or probation in the circuit or magistrate court or in a final proceeding to revoke a parole, if it is satisfactorily shown that the defendant or detained person does not have sufficient money, credit, or property to employ counsel and pay for the necessary expenses of his representation, the judge of the circuit court or the magistrate shall, upon the request of the defendant, assign, at any time following arrest or commencement of detention without formal charges, counsel for his representation, who shall appear for and defend the accused upon the charge against him, or take other proper legal action to protect the rights of the person detained without formal charge.
(SDCL 23A-40-6) (Emphasis added).
[¶ 11.] By its plain terms SDCL 23A-40-6 provides for appointment of counsel in “any criminal investigation or in any criminal action for revocation of suspended sentence or probation in the circuit or magistrate court or in a final proceeding to revoke a parole.... ” Because this is a civil forfeiture action, Apple is not entitled to appointed counsel under SDCL 23A-40-6.
[¶ 12.] Apple seems to agree that a plain reading of SDCL 23A-40-6 does not entitle him to appointed counsel. However, he urges us to interpret SDCL 23A-40-6 in conjunction with SDCL 23A-40-7, which provides in part:
The board of county commissioners of each county and the governing body of any municipality shall provide for the representation of indigent persons described in § 23A-40-6. They shall provide this representation by any or all of the following:
(1) Establishing and maintaining an office of a public defender;
(2) Arranging with the courts in the county to appoint attorneys on an equitable basis through a systematic, coordinated plan; or
(3) Contracting with any attorney licensed to practice law in this state.
(Emphasis added). According to Apple, SDCL 23A-40-7(2) permits a circuit court to appoint counsel to represent indigent people whenever “equity requires.” The State responds by arguing civil forfeiture actions are, legal, not equitable, and the Pennington ■ County Commissioners have not arranged a “systematic, coordinated plan” with the circuit courts. Both arguments misconstrue the intention of the legislature in drafting SDCL 23A-40-7.
[¶ 13.] By'using the word “shall,” the legislature mandated that the board of county commissioners and the governing body of any municipality provide for the representation of indigent persons described in SDCL 23A-40-6. As mentioned, SDCL 23A-40-6 does not provide for appointed counsel in civil forfeiture actions. Thus, neither the Pennington County Board of Commissioners nor the governing body of Rapid City is statutorily *96 required to provide representation for Apple in this matter. Once it is determined that Apple is not an indigent person described in SDCL 23A-40-6, the remaining portions of SDCL 23A-40-7 become irrelevant. However, because Apple and the State focus a substantial part of their argument on SDCL 23A-40-7, we examine the legislative intent behind the “equitable basis” language contained in subsection two.
[¶ 14.] If it is determined an individual is an indigent defendant in one of the actions encompassed by SDCL 23A-40-6, the legislature provides three methods by which the board of county commissioners and governing body of the municipality can provide representation. Under SDCL 23A-40-7, the board or the municipality can use one or all of these methods in providing representation. Subsection two permits an arrangement with the circuit courts by which attorneys are appointed on an equitable basis through a systematic, coordinated plan.
[¶ 15.] Contrary to Apple’s argument, SDCL 23A-40-7 does not create an additional, equitable ground for appointing counsel. Instead, it merely provides methods for providing representation. If the board or municipality adopts subsection two, then appointments must be made on an equitable basis, rather than an inequitable basis, and through a systematic, coordinated plan. SDCL 23A-40-7.
[¶ 16.] In summary, SDCL 23A-40-6 provides the circumstances in which an indigent defendant is entitled to appointed counsel. SDCL 23A-40-7 merely provides the methods by which the board or municipality provide representation. Because civil forfeiture actions are not included in SDCL 23A-40-6, Apple has no statutory right to appointed counsel.

2. Sixth Amendment right to counsel

[¶ 17.] The Sixth Amendment to the United States Constitution provides in part, “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defen[s]e.” US Const amend. VI. The right to counsel provided in the Sixth Amendment is expressly limited to “criminal prosecutions.” The United States Supreme Court has refused to interpret this right beyond the text of the Amendment. See Austin v. United States, 509 U.S. 602, 608, 113 S.Ct. 2801, 2804, 125 L.Ed.2d 488 (1993) (stating “[t]he protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions”). Consequently, Apple has no Sixth Amendment right to counsel in this matter.

3. Due process right to counsel

[¶ 18.] The United States Supreme Court has not addressed whether the Due Process Clause of the Fourteenth Amendment requires appointed counsel in civil forfeiture proceedings. The Court has, however, had occasion to determine whether other constitutional provisions apply in such actions. See Austin, 509 U.S. at 608 n. 4, 113 S.Ct. at 2805 n. 4, 125 L.Ed.2d 488.
[¶ 19.] Over one hundred years ago, the Court addressed whether the Fifth Amendment’s Self-Incrimination Clause applied in civil forfeiture proceedings. See Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). Although the Self-Incrimination Clause is textually limited to “criminal case[s],” the Boyd Court held that it applied in civil forfeiture actions where the statute made the culpability of the defendant relevant, or where the defendant faced the possibility of subsequent criminal proceedings. Id. at 634, 6 S.Ct. at 534, 29 L.Ed. 746; United States v. Ward, 448 U.S. 242, 253-54, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980) (discuss *97 ing Boyd); Austin, 509 U.S. at 608 n. 4, 118 S.Ct. at 2805 n. 4, 125 L.Ed.2d 488 (discussing Ward and Boyd). The Boyd Court noted:
We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man’s property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal.
Boyd, 116 U.S. at 638-634, 6 S.Ct. at 534, 29 L.Ed. 746. The Court continued:
If the government prosecutor elects to waive an indictment, and to file a civil information against the claimants,-that is, civil in form,-can he by this device take from the proceeding its criminal aspect and deprive the claimants of their immunities as citizens, and extort from them a production of their private papers, or, as an alternative, a confession of guilt? This cannot be. The information, though technically a civil proceeding, is in substance and effect a criminal one.
Id. at 634, 6 S.Ct. at 534, 29 L.Ed. 746.
[¶ 20.] Almost a century after Boyd, the United States Supreme Court examined whether the Fourth Amendment’s prohibition against unreasonable searches and seizures applied in civil forfeiture proceedings. One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). In One 1958 Plymouth Sedan, the Pennsylvania Supreme Court held that the Fourth Amendment did not apply in forfeiture proceedings because they were civil, not criminal in nature. 380 U.S. at 695-96, 85 S.Ct. at 1248, 14 L.Ed.2d 170. The United States Supreme Court reversed, relying on its holding in Boyd. Id.
[¶ 21.] In Ward, the United States Supreme Court held that the Fifth Amendment’s Self-Incrimination Clause did not apply when the government sought to collect a civil penalty from the defendant, because the penalty was “much more analogous to traditional civil damages.” 448 U.S. at 254, 100 S.Ct. at 2644, 65 L.Ed.2d 742. The Court distinguished Boyd on the grounds that it dealt with civil forfeiture proceedings that “posed a danger that the appellants would prejudice themselves in respect to later criminal proceedings.” Id.
[¶ 22.] Through these precedents, the United States Supreme Court has made clear that there are occasions in which the Fourth and Fifth Amendments apply to civil forfeiture proceedings. As mentioned, the Court has not had occasion to determine whether the Due Process Clause requires appointed counsel to represent a civil forfeiture defendant to secure the rights afforded by the Fourth and Fifth Amendments. However, the Court has examined the due process right to counsel in various proceedings.
[¶ 23.] In Lassiter v. Department of Social Services, the Court determined whether the Due Process Clause required appointment of counsel to represent an indigent mother in a termination of parental rights proceeding. 452 U.S. at 24, 101 S.Ct. at 2158, 68 L.Ed.2d 640. The Court noted that historically due process only required the assistance of counsel in cases that threatened the defendant’s physical liberty. Id. at 26-27, 101 S.Ct. at 2159, 68 L.Ed.2d 640. However, unlike the Sixth Amendment right to counsel, the Court did not limit the due process right to counsel to criminal cases. Id. Instead, the Court held that there is a “presumption that an indigent litigant has a right to counsel only when, if he [or she] loses, he [or she] may be deprived of their physical liberty.” Id. (Emphasis added). However, this presumption must be balanced against the three elements announced in Mathews v. Eldridge: (1) the private interests at stake, (2) the government’s interest, and *98 (3) the risk the procedures will lead to an erroneous decision. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)).
[¶ 24.] Ultimately, the Court held that Lassiter was not entitled to appointed counsel. Id. at 32-34, 101 S.Ct. at 2162-63, 68 L.Ed.2d 640. The Court indicated its decision was not a bright-line rule, noting:
If, in a given case, the parent’s interests were at their strongest, the State’s interests were at their weakest, and the risks of error were at their peak, it could not be said that the Eldridge factors did not overcome the presumption against the right to appointed counsel, and that due process did not therefore require the appointment of counsel. But since the Eldridge factors will not always be so distributed, and since “due process is not so rigid as to require that the significant interests in informality, flexibility and economy must always be sacrificed, neither can we say that the Constitution requires the appointment of counsel in every parental termination proceeding. We therefore adopt the standard found appropriate in Gagnon v. Searpelli, and leave the decision whether due process calls for the appointment of counsel for indigent parents in termination proceedings to be answered in the first instance by the trial court, subject, of course, to appellate review.”
Id. at 31, 101 S.Ct. at 2162, 68 L.Ed.2d 640 (internal citations and quotations omitted). The Court also mentioned that there would not be a subsequent criminal proceeding. “[T]he petition to terminate Ms. Lassiter’s parental rights contained no allegations of neglect or abuse upon which criminal charges could be based.... ” Id. at 32, 101 S.Ct. at 2162, 68 L.Ed.2d 640. Thus, Lassiter “could not well have argued that she required counsel for that reason.” Id.
[¶ 25.] In the present case, we address (1) Apple’s private interest, (2) the State’s interest, and (3) the risk the civil forfeiture procedures will lead to an erroneous decision. These factors will be balanced against the presumption against appointed counsel. Id. at 26-27, 101 S.Ct. at 2158-2159, 68 L.Ed.2d 640.
[¶26.] Apple’s interest involved is a property interest in the $1,010. Property interests are important and encompassed by the text of the Due Process Clause. However, property interests are always implicated in forfeiture proceedings. We find no case that holds a property interest, standing alone, requires appointment of counsel in civil forfeiture proceedings.
[¶ 27.] What makes this case problematic is that the State initiated this civil forfeiture proceeding before Apple had formally been charged with any criminal activity. In fact, when this matter was before the circuit court, the State had not pursued an indictment. Apple was not indicted until the State’s petition for discretionary appeal was pending before this Court.
[¶ 28.] The State’s complaint alleges Apple’s property is subject to forfeiture under SDCL 34-20B-70(6). That statute includes property subject to forfeiture as:
Any funds or other things of value used for the purposes of unlawfully purchasing, attempting to purchase, distributing, or attempting to distribute any controlled drug or substance or marijuana.
As a result, the statute makes Apple’s culpability in a drug-related transaction relevant. See United States v. United States Coin Currency, 401 U.S. 715, 721-722, 91 S.Ct. 1041, 1045, 28 L.Ed.2d 434 (1971). More importantly, Apple faces a subsequent criminal prosecution based upon this conduct. Thus, the paramount concern present in Boyd, and notably ab *99 sent in Ward and Lassiter, is present here: there is a real and significant danger that Apple could prejudice himself in respect to the subsequent criminal proceeding.
[¶ 29.] Although not squarely before this Court, the United States Supreme Court has held the Fifth Amendment Self-Incrimination Clause and the Fourth Amendment prohibition against unreasonable searches and seizures applies under these circumstances. Consequently, Apple has far more at stake than his property interest in the $1,010.
[¶ 30.] The State’s interest is two fold. First, it has an interest in deterring the purchasing and distributing of illegal drugs, as well as depriving individuals of the funds used in such transactions. Second, the State has an interest in pursuing these matters in an expeditious and inexpensive fashion. Government appointment of counsel undoubtedly takes time and drains government resources. However, this interest is less compelling in the present case. Indeed, the State can choose to pursue civil forfeiture after the criminal proceeding is complete. At that time, jeopardy will have attached to the criminal charges and the risk of prejudice is alleviated.
[¶ 31.] Finally, there is a risk of an erroneous deprivation in this case. Unlike most civil forfeiture proceedings, there have not been any findings concerning the underlying criminal conduct. See United States v. Forfeiture Property All Appurtenances Improvements, 803 F.Supp. 1194, 1197 (N.D.Texas 1992) (little risk of erroneous deprivation where defendants pled guilty to underlying criminal conduct); Commomoealth v. $9,847.00 in U.S. Currency, 550 Pa. 192, 704 A.2d 612, 616 (1997) (risk of erroneous deprivation minimal because “in most cases, a forfeiture proceeding will be preceded by either a criminal conviction or a guilty plea to a violation.”).
[¶ 32.] After examining these factors, we hold that the significant risk of prejudice in the future criminal proceeding coupled with the State’s minimal interest in pursuing these matters prior to a criminal prosecution and the risk of erroneous deprivation outweighs the presumption against appointed counsel. To hold otherwise, would allow the State an end run around the Sixth Amendment by filing civil forfeiture proceedings in order to gain admissions to bolster its criminal case against the defendant.
[¶ 33.] The State cites numerous cases where courts have denied appointed counsel in civil forfeiture proceedings. However, the State cites no case that involved a civil forfeiture proceeding initiated prior to criminal charges.
[¶ 34.] “For all its consequence, due process has never been, and perhaps can never be, precisely defined.” Lassiter, 452 U.S. at 24, 101 S.Ct. at 2158, 68 L.Ed.2d 640 (internal quotations omitted). “Unlike some legal rules, th[e] [United States Supreme Court] has said, due process is not a technical conception with a fixed content unrelated to time, place and circumstances.” Id. (quoting Cafeteria Workers v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961)). Under these circumstances, there is no showing the circuit court erred in appointing counsel to represent Apple.
[¶ 35.] Affirmed.
[¶ 36.] KONENKAMPand MEIERHENRY, Justices, concur.
[¶ 37.] GILBERTSON, Chief Justice, and ZINTER, Justice, concur in part and dissent in part.

. It appears Apple violated the conditions of his parole by moving to Rapid City without consent.

. SDCL 34-20B-69(76) permits forfeiture of, and provides that no property right exists in, "funds or other things of value used for the purposes of unlawfully purchasing, attempting to purchase, distributing, or attempting to distribute any controlled drug or substance or marijuana....”