#24790-a-PER CURIAM

**2008 SD 119**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,              Plaintiff and Appellee,

v.

RANDY W. POWERS,              Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Judge

* * * *

LAWRENCE E. LONG
Attorney General

GARY CAMPBELL
Assistant Attorney General
Pierre, South Dakota             Attorneys for plaintiff
                                          and appellee.

BRYAN T. ANDERSEN
Pennington County Public
 Defender's Office
Rapid City, South Dakota          Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 3, 2008

OPINION FILED **12/10/08**

#24790

PER CURIAM

[¶1.]        Randy W. Powers appeals the circuit court's method of calculating the

ten-year period for determining penalty enhancement in cases involving multiple

driving under the influence offenses.  We affirm.

*Facts and Procedural History*

[¶2.]        On June 30, 2007, Powers was arrested for driving under the influence

of alcohol.  Powers was later charged under SDCL 32-23-1(2), or in the alternative,

SDCL 32-23-1(1).  In addition, a Part II Information was filed alleging that Powers

had four prior driving under the influence convictions (one of which was a felony)

within ten years of his current violation.

[¶3.]        Powers's prior driving under the influence convictions occurred on

January 6, 2003, December 5, 2002, August 19, 1997, and July 22, 1996.   Powers

was sentenced to the penitentiary on the December 5, 2002, and January 6, 2003,

convictions.[1]  He spent approximately twenty-one months in the penitentiary for

those third and fourth convictions.

[¶4.]        Prior to trial, Powers moved to strike his July 22, 1996 conviction from

the Part II Information.  Powers correctly observed that the 1996 conviction

occurred more than ten years prior to his 2007 violation.  Although there is no

dispute that the 1996 conviction occurred more than ten years before the current

2007 violation, SDCL 32-23-4.1 excludes from the calculation periods of time during

which a defendant is incarcerated for a previous driving under the influence

---

1.      Because of procedural issues, Powers pleaded guilty to his *fourth* offense DUI
        in December 2002.  He pleaded guilty to the *third* offense DUI one month
        later, January 2003.  The sentences for these convictions ran concurrently.

violation. Although Powers acknowledged this exclusion, he contended that his twenty-one month period of incarceration should not be excluded because that incarceration did not occur as a result of the 1996 conviction. The circuit court disagreed and denied Powers's pretrial motion to exclude the 1996 conviction.

[¶5.] Powers was subsequently convicted by a jury of the SDCL 32-23-1(1) violation (driving or being in actual physical control of a vehicle while having .08 percent or more by weight of alcohol in his blood). Powers waived his right to a jury on the Part II Information. At the habitual offender trial, Powers again unsuccessfully objected to the inclusion of the 1996 conviction.

[¶6.] Because the 1996 conviction was considered a prior conviction for purposes of sentence enhancement, Powers was sentenced as a fifth offender, which is a Class 4 felony under SDCL 32-23-4.7.[2] If the 1996 conviction had been excluded, the current violation would have been considered Powers's fourth conviction, a Class 5 felony. SDCL 32-23-4.6. The maximum penalty for a Class 4 felony is ten years imprisonment, while the maximum penalty for a Class 5 felony is five years imprisonment. *See* SDCL 22-6-1. Because Powers's current violation is a Class 4 felony, his eight-year sentence was authorized. Powers, on appeal, argues that the circuit court erred in not striking the 1996 conviction from the Part II Information.

---

2. SDCL 32-23-4.7 provides in part:

> If conviction for violation of § 32-23-1 is for a fifth offense, or subsequent offenses thereafter, and the person has previously been convicted of a felony under § 32-23-4, the person is guilty of a Class 4 felony. . .

*Decision*

[¶7.]        Powers's argument raises an issue of statutory interpretation. "Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review." Rotenberger v. Burghduff, 2007 SD 7, ¶8, 727 NW2d 291, 294 (quoting State v. $1,010 in Am. Currency, 2006 SD 84, ¶8, 772 NW2d 92, 94).

[¶8.]        SDCL 32-23-4.1 governs the method of calculating the ten-year period for determining whether prior convictions may be considered for sentence enhancement. The statute provides:

> No previous conviction for, or plea of guilty to, a violation of § 32-23-1 occurring more than ten years prior to the date of the violation being charged may be used to determine that the violation being charged is a second, third, or subsequent offense. However, any period of time during which the defendant was incarcerated for a previous violation may not be included when calculating if the time period provided in this section has elapsed.

[¶9.]        Powers's 1996 conviction occurred more than ten years before his June 30, 2007 violation. If, however, his twenty-one month incarceration for the December 2002 and January 2003 convictions is excluded from the calculation, the 1996 conviction falls within the ten-year period. Powers argues that his time of incarceration on the 2002 and 2003 convictions may not be excluded from the calculation because that time of incarceration was not related to the 1996 conviction, his oldest conviction.

[¶10.]        The interpretation suggested by Powers is not supported by the plain text of the statute. "We give words their plain meaning and effect. . ." *Rotenberger*,

2007 SD 7, ¶8, 727 NW2d at 294 (quoting Chapman v. Chapman, 2006 SD 36, ¶11, 713 NW2d 572, 576). "When the language of the statute is clear, certain, and unambiguous, there is no occasion for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed in the statute." Mid-Century Ins. Co. v. Lyon, 1997 SD 50, ¶9, 562 NW2d 888, 891 (quoting *In re Famous Brands, Inc.*, 347 NW2d 882, 885 (SD 1984)).

[¶11.]     The second sentence of SDCL 32-23-4.1 plainly states that the ten-year period excludes *any* period of incarceration for *a* prior violation of SDCL 32-23-1. This language does not require that the period of incarceration must relate to the oldest violation. Instead, the language requires the exclusion of any period of incarceration for any violation of SDCL 32-23-1. Therefore, Powers's twenty-one month incarceration for the 2002-2003 convictions was correctly excluded from the calculation, and the 1996 conviction was properly considered in determining the number of Powers's prior convictions.

[¶12.]     Affirmed.

[¶13.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.